**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Arturo Gonzalez HERNANDEZ, Defendant–Appellant.**

No. 88–7043.

United States Court of Appeals, Fifth Circuit.

Dec. 26, 1989.

Alfred Villarreal, Asst. Federal Public Defender, Lucien B. Campbell, Federal Public Defender, San Antonio, Tex., for defendant-appellant.

Le Roy Morgan Jahn, Philip Police, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before LIVELY,* JOLLY and HIGGINBOTHAM, Circuit Judges.

* Circuit Judge of the Sixth Circuit, sitting by designation.

LIVELY, Circuit Judge.

This direct appeal from a conviction for distributing marijuana and unlawfully carrying a weapon while engaged in a drug trafficking crime raises three issues. Having considered the record on appeal, together with the briefs and oral arguments of counsel, we find no reversible error and affirm.

## I.

### A.

The defendant-appellant Hernandez met with undercover Uvalde, Texas police officer Thomas Gill on several occasions to discuss the sale of marijuana. At the second meeting Hernandez agreed to deliver 30 pounds of marijuana to Gill on March 6, 1988, at an agreed price of $650 per pound. On the evening of March 6, Hernandez called the apartment where the delivery was to be made and asked to be picked up at the Uvalde airport. Officer Gill drove to the airport and found Hernandez waiting beside the same private airplane that he had flown to Uvalde for the earlier meetings. Hernandez retrieved a travel bag containing his initials from the plane before riding to the apartment with Gill.

The apartment had been prepared for the meeting. The police had placed a microphone in the living room and a camera behind a two-way mirror between the living room and a bedroom. Several officers observed and filmed the events of the evening from the darkened bedroom. After entering the apartment Hernandez opened the travel bag and handed Gill and an informant who had been present at the earlier meetings each a bundle of marijuana. He said that he had 25 such bundles and that each weighed exactly one pound. After computing the price of 25 bundles on a calculator, Hernandez began counting the money that Gill handed him.

On a prearranged signal, the officers moved in from the bedroom and arrested Hernandez. One of the officers, Rudy Rodriguez, testified that he asked Hernan-

dez if he had a gun. Hernandez answered that he had a pistol on his back. Rodriguez then removed a Colt "government model" .38 caliber semi-automatic pistol from Hernandez's waistband near the small of his back. Rodriguez testified that the chamber contained a live hollow-point bullet, and the clip contained six more bullets of the same type. The safety was off when Rodriguez examined the weapon. Hernandez carried an additional clip, loaded with seven hollow-point rounds in his jacket pocket.

### B.

Hernandez was indicted on one count of violating 21 U.S.C. § 841(a)(1), distribution of marijuana, and one count of violating 18 U.S.C. § 924(c)(1), possessing a firearm during the commission of a drug trafficking crime. The jury found him guilty on both counts, and the district court sentenced Hernandez to 21 months on the distribution count and to a mandatory 60 months on the weapon count.

Hernandez does not question the sufficiency of the evidence or the correctness of the jury instructions. The issues on appeal relate to the sufficiency of the indictment, a claim of reversible error in the prosecutor's argument to the jury, and the contention that the district court erred in failing to grant a mistrial after sustaining an objection to hearsay evidence.

### C.

■ The third issue requires little discussion. The prosecutor introduced hearsay evidence that Hernandez had purchased the pistol. This evidence was irrelevant to the charge, since § 924(c)(1) relates to possession of a weapon, not to ownership. Following a bench discussion after Hernandez's counsel objected to the evidence and moved for a mistrial, the district court sustained the objection, granted a motion to strike it, and instructed the jury to disregard the evidence. The court denied the defendant's motion for a mistrial.

The district court did not abuse its discretion in denying the motion for a mistrial. The court immediately sustained counsel's objection to the testimony and ordered it stricken. It then promptly instructed the jury to disregard the testimony. Even though the defendant made an issue of the charge that he was carrying the weapon, these actions were all that the circumstances required.

We will examine the remaining two issues in somewhat greater detail.

### II.

### A.

■ The second count of the indictment charged a violation of 18 U.S.C. § 924(c)(1), which provides in pertinent part:

(c)(1) Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, ....

18 U.S.C.A. § 924(c)(1) (West Supp.1989). Prior to its amendment in 1984, § 924(c), was less precise. In pertinent part, it provided:

(c) Whoever—

(1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or

(2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States,

shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years....

18 U.S.C. § 924(c)(1) and (2) (1982).

Hernandez contends that the indictment was fatally defective for failing to include the words "and in relation to" in describing

the presence of the weapon at his arrest. Count two stated:

On or about March 6, 1988, in the Western District of Texas, Defendant,

ARTURO GONZALEZ HERNANDEZ

did knowingly, willfully and unlawfully carry a firearm, namely a colt .380 caliber handgun, during the commission of a drug trafficking crime which may be prosecuted in a court of the United States, to-wit: Distribution of A Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 18, United States Code, Section 924(c)(1).

Hernandez argues that the relationship between the firearm and the underlying offense is an essential element of the crime. He relies on the legislative history of the 1984 amendment, principally a footnote to a Senate Report. See S.Rep. No. 225, 98th Cong., 1st Sess. 312–14, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3492 n. 10. He emphasizes part of a single sentence in the footnote:

Moreover, the requirement that the firearm's use or possession be "in relation to" the crime would preclude its application in a situation where its presence played no part in the crime....

*Id.* That sentence concludes with language that he omits: "such as a gun carried in a pocket and never displayed or referred to in the course of a pugilistic barroom fight." That example is quite different from possession of a weapon during distribution of illegal drugs. More applicable to the present case is the opening sentence of the footnote:

Evidence that the defendant had a gun in his pocket but did not display it, or refer to it, could nevertheless support a conviction for "carrying" a firearm in relation to the crime if from the circumstances or otherwise it could be found that the defendant intended to use the gun if a contingency arose or to make his escape.

*Id.* Carrying a loaded pistol with a round in the firing chamber and the safety catch off while dealing in drugs describes a situation more like this example than the one quoted by Hernandez.

B.

It would have been better if the indictment had included the words "and in relation to." It is settled law, however, that an indictment need not precisely track the language of the statute; it is sufficient if it informs the defendant of every element of the offense charged. *United States v. Boyd*, 885 F.2d 246 (5th Cir.1989). Where statutory language is omitted, "[t]he clarity of an indictment can properly be increased by its reference to the statute which allegedly has been violated." *Id.* at 249. The indictment in the present case stated that Hernandez carried the pistol "unlawfully ... during the commission of a drug trafficking offense," and referred specifically to § 924(c)(1). We believe this was sufficient.

In *United States v. Wilson*, 884 F.2d 174 (5th Cir.1989), this court discussed the 1984 amendment to § 924(c) and determined from the sparse legislative history that the words "and in relation to" were added to preclude application of the subsection "in a situation where [a weapon's] presence played no part in a crime...." *Id.* at 176–77. The court quoted with approval the Ninth Circuit's statement that "the 'in relation to' language was calculated to avoid convictions for 'inadvertently carrying a firearm in an unrelated crime.'" *Id.* at 177, quoting *United States v. Ramos*, 861 F.2d 228, 231 (9th Cir.1988). This court concluded that the government had the burden under the present version of § 924(c) "of establishing some relationship between the firearm [the defendant] possessed and the predicate drug trafficking offense." *Id.*

In *United States v. Coburn*, 876 F.2d 372 (5th Cir.1989), the court upheld a conviction for violating § 924(c)(1) based on the presence of an unloaded shotgun strapped to the rear window of a pickup truck being used to transport marijuana. In discussing the amendment's addition of the words "and in relation to," the court stated that this phrase helped make clear

that the purpose of § 924(c) "is to impose more severe sanctions in those instances in which firearms facilitate, *or have the potential of facilitating,* the commission of certain serious crimes." *Id.* at 375 (emphasis added).

An objection to an indictment on the ground that it fails to allege an essential element of the offense charged may be raised for the first time on appeal. *United States v. Varkonyi,* 645 F.2d 453, 455 (5th Cir.1981). If such an objection is raised for the first time on appeal and the defendant demonstrates no prejudice from the omission, the court "will read the indictment liberally." *Wilson,* 884 F.2d at 179; *accord, United States v. Campos–Asencio,* 822 F.2d 506, 508 (5th Cir.1987).

Hernandez has demonstrated no prejudice from omission of the words "and in relation to" from the indictment. The indictment charged that he carried the weapon unlawfully during the commission of a drug trafficking offense on March 6, 1988, and stated that this act violated 18 U.S.C. § 924(c)(1). A plain reading demonstrates that the indictment did inform Hernandez of the elements of the charge he would have to defend, and provided sufficient detail to enable him to rely upon the indictment for a double jeopardy defense in the event of a future prosecution. Thus, it satisfied the constitutional requirements for a valid indictment. *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *United States v. Manotas–Mejia,* 824 F.2d 360, 365 (5th Cir.), *certiorari denied sub nom. Ramirez–Rios v. United States,* 484 U.S. 957, 108 S.Ct. 354, 98 L.Ed.2d 379 (1987).

### III.

Hernandez contends that the prosecutor made a number of improper statements in closing argument, and that the district court committed reversible error in permitting the statements. He quotes extensively from the prosecutor's rebuttal argument to support the claim that the prosecutor improperly vouched for government witnesses. In addition, Hernandez asserts that the prosecutor sought to bolster his case by implying that, as a government official, he had information that had not been presented at trial but which pointed to the defendant's guilt and by referring to the risks the testifying government agents take in enforcing the law. He also claims that the prosecutor committed reversible error by referring to the defendant as an "armed drug dealer," an "airborne drug dealer" and a "smirking drug dealer," by referring to the defense trial strategy as a "gutter defense," and by demanding that the jury act as the conscience of the community in convicting the defendant, thus keeping marijuana out of the schools and off the athletic fields of South Texas.

### A.

■ Hernandez objected four times during the argument, and he raises on appeal two of the objections that the district court overruled. He objected on the ground that the prosecutor was attempting to bolster his case by arguing "outside the record" and implying that he was privy to a report that was not introduced in evidence to support the government's contention that Hernandez was armed during the drug transaction. The problem for Hernandez is that his attorney was the first to broach this issue. The entire defense was that the government, using informants, had worked two years to set Hernandez up and that he was the innocent victim of a scheme carried out by lying and deceit. In cross-examining the officer who made out the Hernandez arrest report, defense counsel asked why the last paragraph of a report produced by the witness was added on to the one in the district attorney's office. The "last paragraph" referred to by counsel concerned the semi-automatic weapon taken from Hernandez. The witness said he didn't know anything about an addition to the report. Without ever producing the district attorney's purported copy, defense counsel intimated that he had seen such a report and that it did not mention a gun. Further, in cross-examining the arresting officer, defense counsel brought out that the pistol was a "government model" and that the witness's initials had been

scratched on the barrel. The initials and an evidence tag were there for purposes of identification. In his summation defense counsel implied that Hernandez was not carrying a weapon, but that the arresting officer, Rodriguez, had planted his own pistol and reported it as having been taken from Hernandez. He spoke of the officer's initials being "engraved" on the pistol, of its being a government model, and of Rodriguez's familiarity with the weapon.

The prosecutor's statements were clearly in response to defense counsel's questioning and argument. The prosecutor pointed out that defense counsel had sought to lead the jury to believe the arrest report produced by the government at trial was an altered version of the one in the possession of the state district attorney. The prosecutor reminded the jury that defense counsel had failed to produce any evidence to substantiate his implication that Hernandez was not carrying the gun and that the arrest report had been changed to add this charge. This was a permissible response, and the district court properly overruled the objection. A claim of improper argument "must be considered in light of the argument to which it responded." *United States v. Canales*, 744 F.2d 413, 424 (5th Cir.1984).

Hernandez objected again when the prosecutor said, "I'm pretty proud of these guys, myself." He was referring to the government witnesses, whom defense counsel had just characterized as deceitful persons who failed to bring before the jury all available evidence and had manufactured other evidence. The basis of the objection was that the prosecutor was vouching for the credibility of his witnesses. The role of the prosecutor in summation is to assist the jury by argument that is based on the evidence presented. Ordinarily, the prosecutor should not express his or her opinion about the credibility of witnesses. Determination of credibility is a function for the jury, and should be based on the jury's own observations and impressions. Nevertheless, as this court has held, "[t]he prosecutor is not obliged to sit quietly while character assaults are

made on his witnesses; he is entitled to argue fairly their credibility." *United States v. Bright*, 630 F.2d 804, 824 (5th Cir.1980). Under the circumstances of this case, the district court did not err in overruling defense counsel's objection to the prosecutor's "vouching" statements.

For the reasons stated, we agree with the district court's treatment of the prosecutor's statements about the arrest report and the reliability of witnesses as permissible responses. The district court did not commit reversible error in overruling these objections.

**B.**

Counsel did not object to the remaining statements of the prosecutor that Hernandez now relies upon for reversal. Thus, we must consider whether the statements were improper and whether they amounted to "plain error" under Rule 52(b), Fed.R. Crim.P., which provides:

> Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

*United States v. Garza*, 608 F.2d 659, 663 (5th Cir.1979).

Hernandez complains that the prosecutor argued improperly when he attempted to enhance the testimony of government witnesses by referring to the risks they take as drug enforcement agents. Generally, this sort of "bolstering" is not permitted, but in this case it was not improper. It was part of the prosecutor's response to the defendant's attempt to discredit the same witnesses. This court has held that a prosecutor "may even present what amounts to a bolstering argument if it is specifically done in rebuttal to assertions made by defense counsel in order to remove any stigma cast upon him or his witnesses." *United States v. Dorr*, 636 F.2d 117, 120 (5th Cir.1981).

Hernandez also argues that the prosecutor's call to the jury to act as the conscience of the community was improper. In the circumstances of this case, this argument was permissible. The jury had seen

the defendant on a video screen selling marijuana with a street value of $45,000. In the absence of an objection, the prosecutor's request could be considered as nothing more than a plea for law enforcement. *United States v. Canales*, 744 F.2d 413, 430 (5th Cir.1984). The statement was not improper.

■ We conclude that several of the prosecutor's statements were improper. Even in the context of a case in which the defense argued that the government agents were deceitful, had manufactured evidence against the defendant and were engaged in a conspiracy to "get" him, reference to a "gutter defense" was impermissible. The statement disparaged the efforts of defense counsel in intemperate language. The trial judge should have admonished the prosecutor and instructed the jury to disregard the statement. The remark, read in context, however, did not imply that the defendant was guilty because he relied on an attorney to present a defense. Thus, the comment did not infringe the basic constitutional right to counsel. *Cf. United States v. McDonald*, 620 F.2d 559 (5th Cir.1980). We also conclude that it was improper for the prosecutor to refer to Hernandez as an "armed drug dealer," an "airborne drug dealer," and a "smirking drug dealer."

This was a hard-fought case in which the defense had an extremely difficult task. The defendant adopted the strategy of attempting to cast doubt on the credibility of the government witnesses, particularly with respect to the charge that he was carrying a loaded weapon during the drug transaction. In doing so, counsel clearly implied that one of the officers used his own "government model" pistol to fabricate a charge that Hernandez was armed when arrested. Throughout the trial, defense counsel accused the government agents of deceit. This strategy called for a response.

In his response, the prosecutor overreacted by referring to Hernandez as he did and in characterizing defense strategy as a "gutter defense." These statements were improper, and we must determine whether

they constituted plain error under Rule 52(b). This court has defined plain error as "error so great that it cannot be cured at trial; the error 'must be obvious, substantial, and so basic and prejudical that the resulting trial lacks the fundamental elements of justice.'" *United States v. Davis*, 831 F.2d 63, 66 (5th Cir.1987), quoting *United States v. Birdsell*, 775 F.2d 645, 653 (5th Cir.1985), *cert. denied*, 476 U.S. 1119, 106 S.Ct. 1979, 90 L.Ed.2d 662 (1986). Even though a single statement taken in isolation might not require a reversal, the cumulative force of a series of improper arguments may affect the substantial rights of the defendant. *United States v. Garza*, 608 F.2d 659, 665 (5th Cir.1979). In *United States v. Goff*, 847 F.2d 149 (5th Cir.), *cert. denied sub nom. Kuntze v. United States*, —— U.S. ——, 109 S.Ct. 324, 102 L.Ed.2d 341 (1988), this court described the process for determining whether improper prosecutorial argument requires reversal for a new trial:

> The crucial question on review is whether the prosecutor's remarks cast serious doubt upon the correctness of the jury's verdict.
>
> \*    \*    \*    \*    \*    \*
>
> The basic question, then, is whether the jury would have found appellants guilty had it not been for the prosecutor's improper argument. We consider the following factors in carrying out such a review: (1) the magnitude of the prejudicial effect of the statements, (2) the efficacy of any cautionary instructions, and (3) the strength of the evidence of appellants' guilt.

*Id.* at 165.

We do not believe the improper statements, in view of the evidence, cast serious doubt upon the correctness of the verdict in this case. Looking at the first two factors, any prejudicial effect arising from the improper statements was not of great magnitude, and no cautionary instructions were given. With regard to the third factor, the evidence of guilt was overwhelming. The video tape recorded the entire transaction and the jury viewed it during the trial. The tape did not show the pistol being

removed from Hernandez's waistband, but it did show the holster in which it had rested. Both officer Gill, who "bought" the marijuana, and officer Rodriguez, who arrested Hernandez, testified that the loaded pistol was removed from the defendant's waistband immediately after he was arrested. On the whole record, we believe the prosecutor's conduct, though improper in some respects, "did not in fact contribute to the guilty verdict and was, therefore, legally harmless." *Id.* Therefore, the prosecutor's statements did not reach the level of plain error.

### C.

We have examined carefully the cases principally relied upon by Hernandez. The impropriety in this case does not approach the magnitude of the prosecutor's conduct that led to reversal in *United States v. McDonald,* 620 F.2d 559 (5th Cir.1980). There the prosecutor brought out during cross-examination that the defendant's attorney was present when a search warrant was executed. In rebuttal argument the prosecutor commented on the presence of the lawyer at the searched premises at the time of the search and for several hours prior to the search and implied that the defendant and his attorney had destroyed evidence before the searching officers arrived. The court found that the tenor of the prosecutor's argument was to imply that the lawyer's presence indicated that the defendant was guilty. The effect was to penalize the defendant for exercising his constitutional right to counsel. No such attack on this basic constitutional right is found in the present record.

The arguments of the prosecutor in *United States v. Garza,* 608 F.2d 659 (5th Cir.1979), were characterized by this court as "grossly improper prosecutorial comment." *Id.* at 661. In a drug case where credibility of opposing witnesses was the only issue (there was no video tape), the prosecutor "personally sought to vouch for the credibility of [prosecution witnesses] and to bolster the Government's case by indicating that it would not have been brought, and he would not personally have

participated, if Garza's guilt had not already been determined." *Id.* The prosecutor went outside the record, suggesting that evidence not presented at trial provided additional grounds for finding the defendant guilty and that his status as a public official guaranteed that only the guilty would be brought to trial. The present case discloses no such egregious misconduct.

In *United States v. Corona,* 551 F.2d 1386 (5th Cir.1977), the prosecutor gratuitously informed the jury that a co-conspirator mentioned at trial had pled guilty and been sentenced. This court found this attempt to prove guilt by association highly prejudicial. The prosecutor increased the prejudice by commenting on exchanges between the defendant and his counsel that had taken place outside the presence of the jury, implying that counsel fabricated evidence on the basis of information supplied by the defendant during trial. These and other improper actions led the court to conclude that substantial rights of the defendant were prejudiced to a degree requiring reversal. Again, in *Corona,* the prosecutor went far beyond any impropriety charged to the prosecutor in the present case.

The judgment of conviction is AFFIRMED.